IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01258–PAB–KMT

JOSEPH PERSONETT,

       Petitioner,

v.

INTERNAL REVENUE SERVICE, and
MAY A. BROWN, Revenue Agent, or designee,

       Respondents.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

       This matter is before the court on the "Legal Petition to Quash Non-Judicial I.R.S. Summons." ([Doc. No. 1] [filed May 29, 2009] [hereinafter "Petition"].) Petitioner has named as Respondents the Internal Revenue Service (hereinafter "IRS"), and May A. Brown, Revenue Agent with the Small Business/Self Employed Division of the IRS (hereinafter "Brown"). (Pet. at 1; Decl. of Revenue Agent May A. Brown, ¶ 1 [hereinafter "Brown Decl."].) The United States of America and Revenue Agent Brown filed the "United States' Motion to Dismiss Pursuant to Rule 12(b)(1), (5) and (6), or Alternatively, for Summary Denial" ([Doc. No. 3] [filed July 29, 2009]), and the "United States' Memorandum in Support of Motion to Dismiss Pursuant to Rule 12(b)(1), (5) and (6), or Alternatively, for Summary Denial" ([Doc. No. 4] [filed July 29, 2009] [hereinafter "Mem."]).

**STATEMENT OF THE CASE**

According to Respondents, this matter arises from an examination into the federal income tax liability of Petitioner for the years 2005 and 2006. (Mem. at 1–2.) The IRS is conducting an examination to determine the correct federal income tax liability of Petitioner for the 2005 and 2006 tax years. (*Id.* at 3.) In the course of the examination, Revenue Agent Brown issued administrative summonses to Nevada State Bank (hereinafter "NSB") and Raymond James Financial, Inc. (hereinafter "RJF") requiring them to produce for examination records pertaining to Petitioner. (*Id.* at 2; Brown Decl., ¶¶ 3–6.) Petitioner seeks to quash the summonses issued to NSB and RJF on the basis of various arguments challenging the validity of the summonses and the IRS and Revenue Agent Brown's authority to issue the same. (*See* Pet. at 16.)

Respondents move to dismiss the Petition on the following grounds: 1) pursuant to Internal Revenue Code (hereinafter "IRC") section 7609(h)(1), the court lacks subject matter jurisdiction over claims related to NSB; 2) Petitioner has failed to properly serve the United States pursuant to Federal Rule of Civil Procedure 4(i), thereby depriving the court of jurisdiction over all claims found in the Petition; and, alternatively, 3) the court should summarily deny the Petition because the United States has established a *prima facie* case for the validity of the summonses, and Petitioner has raised no valid defense. (Mem. at 2.)

**STANDARD OF REVIEW**

*1.*    **Pro Se** *Party*

Petitioner is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

2

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors*

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v.*

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual

allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156,

1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues").  The petitioner's *pro se* status does not entitle him to

application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**2.        *Subject Matter Jurisdiction – Fed. R. Civ. P. 12(b)(1)***

        Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the

subject matter."  Fed. R. Civ. P. 12(b)(1) (2007).  Dismissal under Rule 12(b)(1) is not a

judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court

lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the

allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)

(recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction

when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is

on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *See id.*

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.*

### 3.    *Insufficient Service of Process – Fed. R. Civ. P.  12(b)(5)*

A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint."  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure:  Civil 3d § 1353.  *See Gartin v. Par Pharmaceutical Companies, Inc.*, 2008 WL 2871691, 3 (5th Cir. 2008)  "The Court may dismiss a complaint for ineffective service of process pursuant to [Rule] 12(b)(5) if the plaintiff fails to establish that he . . . has properly effectuated service pursuant to Rule 4."  *Hoodenpyle v. Deutsche Nat'l Bank Holding Trust*, 2009 WL 564278, at * 4 (D. Colo. 2009) (quoting *Lindsey v. United States*, 448 F. Supp. 2d 37, 42 (D.C. Cir. 2006) *abrogated on separate grounds*, *Ramer v. United States*, 620 F. Supp. 2d 90,

99 (D. D.C. 2009)).  "[T]he party on whose behalf service is made has the burden of establishing

its validity when challenged; . . . ."  *Id.*; *see Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987);

*Shane v. United States,* 2008 WL 101739, at *3 (D.C. Cir. 2008).

## ANALYSIS

*1.*      ***Substitution of United States for the IRS and Revenue Agent Brown***

Respondents contend that the United States should be substituted for Revenue Agent

Brown as the proper respondent in this action.  (Mem. at 7.)  The Tenth Circuit Court of Appeals

ruled in *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989), that "[w]hen an action is one

against named individual defendants, but the acts complained of consist of actions taken by

defendants in their official capacity as agents of the United States, the action is in fact one

against the United States."  *Accord Burgos v. Milton*, 709 F.2d 1 (1st Cir. 1983) (holding that

"[a]lthough the . . . action is nominally one against individual defendants, the acts complained of

consist of actions taken by defendants in their official capacity as agents of the United States,"

and that "[u]nder such circumstances, the action is in fact one against the United States").

Therefore, insofar as the Petition may be read to assert claims against Revenue Agent Brown in

her official capacity, the court finds that the United States must be substituted as the proper

respondent.

The Petition also names the IRS as a respondent.  (Pet. at 1.)  "The Internal Revenue

Service is not an entity capable of being sued."  *Abell v. Sothen*, 214 F. App'x 743, 751 (10th

Cir. 2007) (citing *Posey v. United States Dept. of the Treasury–Internal Revenue Service*, 156

B.R. 910, 917 (W.D. N.Y. 1993) (stating that "suit against the IRS or the Treasury Department is

not available in federal court"); *Krouse v. United States Gov't Treasury Dept. Internal Revenue Service*, 380 F. Supp. 219, 221 (C.D. Cal. 1974) (holding that "[t]he Department of the Treasury and the Internal Revenue Service are not entities subject to suit and they should be dismissed")). "A suit purporting to bring claims against the IRS is deemed to be a suit against the United States." *Id.* (citing *Posey*, 156 B.R. at 917).  Therefore, the United States must be substituted for the IRS and is, therefore, the sole proper respondent in this action.[1]

## 2.   *Subject Matter Jurisdiction*

"Section 7602 of the Internal Revenue Code authorizes the Commissioner of Internal Revenue to summons books and records that may be relevant or material in determining a person's income tax liability . . . ."  *United States v. City Nat'l Bank & Trust Co.*, 642 F.2d 388, 389 (10th Cir. 1981).  The judiciary's role in these proceedings, however, is not to supervise or direct the IRS's exercise of its summons power, but rather to guard against abuses of that power. *United States v. Powell*, 379 U.S. 48, 57–58 (1964).

An IRS summons directed to a third-party record keeper is subject to special procedures of the Internal Revenue Code, Title 26 U.S.C. § 7609, *et seq.* (1954) (as amended 1982). Petitioners have a right to challenge the summons in a proceeding to quash as provided by Section 7609(b)(2).  The jurisdictional provision relevant to this case is found at Title 26 U.S.C. § 7609(h)(1) which states:

(1) Jurisdiction.—The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and

---

[1] Hereinafter, the United States shall be referred to as "Respondent."

determine any proceeding brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

Exhibit B of Respondent's Memorandum is a copy of the summons sent to NSB on May 22, 2009.  (Mem. Ex. B at 1.)  The summons was sent to NSB's Utah Processing Center in Salt Lake City, Utah.  (*Id.* at 6.)  According to Revenue Agent Brown, NSB "maintains no branch offices in Colorado."  (Brown Decl., ¶ 12.)  Petitioner does not dispute this claim.  Since NSB does not reside within the District of Colorado, pursuant to 26 U.S.C. § 7609(h)(1), this court lacks jurisdiction to hear and determine the Petition to quash the IRS summons issued to NSB. Therefore, the Petition is properly dismissed as to that summons.  However, Respondent concedes that RJF "operates a number of branch or 'affiliate' offices in Colorado."  (*Id.*, ¶ 13.) Since RJF may be found within the District of Colorado, the court finds that subject matter jurisdiction exists insofar as the Petition seeks to quash the IRS summons issued to RJF.

### 3.   *Insufficient Service of Process*

Respondents contend that this action should be dismissed because Petitioner failed to properly effect service on the United States.  (Mem. at 6–7.)  Pursuant to Federal Rule of Civil Procedure 4(i)(2), in order to serve a United States agency or a United States officer or employee sued in an official capacity, a party must first serve the United States.  In order to serve the United States, a party must

> deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; or send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and if the action

7

challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)–(B).

The Petition's "Certificate of Service" shows that copies of the "Legal Petition to Quash Non-Judicial IRS Summons" were served via certified mail to four entities: Revenue Agent Brown, the IRS Director or Group Manager, the Legal Department of Nevada State Bank, and Lawanna Burgess of Raymond James & Associates.  (Pet. at 18.)  Noticeably absent from the Certificate of Service is any indication that Petitioner served the United States Attorney for the District of Colorado, or the Attorney General of the United States at Washington, D.C.  *See* Fed. R. Civ. P. 4(i)(1)(A)–(B).  Accordingly, the court finds that Petitioner has failed to serve the United States as required by Rule 4(i), and therefore, this court lacks personal jurisdiction over the United States, and the Petition would be properly dismissed without prejudice on that basis. Nevertheless, the court shall address the merits of the Petition as well, since a merits examination results in a recommendation of dismissal with prejudice.

## 4.    *Validity of RJF Summons*

Pursuant to I.R.C. §§ 7801 and 7802, Congress has charged the Secretary of the Treasury and the Commissioner of the IRS with the responsibility of administering and enforcing the Internal Revenue Code.  *See Lonsdale v. United States*, 919 F.2d 1440, 1447 (10th Cir. 1990). Section 6201 of the IRC authorizes the Secretary to make "inquiries, determinations, and assessments of all taxes including interest, additional amount, additions to the tax, and assessable penalties imposed by the Code."  Also, I.R.C. § 7602 grants to the IRS "expansive information-

gathering authority" to encourage effective tax investigations.  *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984).  In order for a summons to be valid, the IRS must make out a *prima facie* case of good faith in issuing a summons, showing: (1) the investigation has a legitimate purpose; (2) the summonsed materials are relevant to that purpose; (3) the information sought is not already within the IRS's possession; and (4) the IRS has followed the appropriate procedural steps.[2]  *Powell*, 379 U.S. at 57–58.

The burden upon the IRS to make its *prima facie* case is a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.  *United States v. Kis,* 658 F.2d 526, 536 (7th Cir. 1981).  "The requisite showing is generally made by affidavit of the agent who issued the summons and who is seeking enforcement."  *United States v. Garden State Nat'l Bank,* 607 F.2d 61, 68 (3d Cir. 1979); *Kis,* 658 F.2d at 537; *United States v. Balanced Financial Mgmt., Inc.,* 769 F.2d 1440, 1443–44 (10th Cir. 1985).

### A.    *Investigation Conducted for Legitimate Purposes*

According to Respondent, Revenue Agent Brown issued the administrative summons to RJF to obtain bank and financial records in furtherance of an investigation of Petitioner's

---

[2] Cases discussing the procedure and burdens for challenging an IRS summons have most often occurred in the context of an action, brought by the IRS, to enforce the summons.  *See United States v. Powell*, 379 U.S. 48 (1964); *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985).  However, the same analytical framework applies when the action is a petition to quash an IRS summons brought by a taxpayer.  *See Anaya v. United States*, 815 F.2d 1373, 1375 (10th Cir. 1987); *see also Cook v. United States*, 104 F.3d 886, 889 (6th Cir. 1997).

individual income tax liability for the years 2005 and 2006.  (Brown Decl., ¶¶ 2–6.)  The IRC specifically authorizes the Secretary to issue summonses for the purpose of determining the correct tax liability of any taxpayer.  26 U.S.C. § 7602(a).  Accordingly, because the RJF summons was issued pursuant to a codified legitimate purpose, the United States has satisfied the first *Powell* requirement.

### B.     *Summonsed Materials Relevant to the Investigation*

The Supreme Court has observed that "[r]ecords that illuminate any aspect of the [tax] return . . . [are] highly relevant to [a] legitimate IRS inquiry."  *United States v. Arthur Young & Co.* 465 U.S. 805, 815 (1984).  According to Revenue Agent Brown, "[t]he books, records, papers, and other data sought by the summonses [issued to RJF] may be relevant to, and may aid in the determination of the individual income tax liability of the petitioner for the years 2005 and 2006."  (Brown Decl., ¶ 9.)  Respondent further states, "[t]he information may include financial data, such as contemporaneous bank deposits, that will allow [her] to reconstruct or confirm [Petitioner's] income during the relevant period."  (*Id.*)  Obviously, Petitioner's income is highly relevant to the tax calculated as owed with respect to that income.  According to Respondent, "[Petitioner's] bank and financial records are certain to aid in the examination [of Petitioner's correct tax liability for the years 2005 and 2006]."  (Mem. at 11.)  The court finds, therefore, that the RJF summons satisfies the second *Powell* requirement.

### C.     *Information Sought is not Already in IRS possession*

*Powell* requires that the information sought by the summons not already be in the IRS's possession.  *Powell*, 379 U.S. at 57–58.  This is rooted in the prohibition on "unnecessary"

summonses codified in 26 U.S.C. § 7605(b).[3]  *Id.* at 56.  According to the Respondent, "[t]he

books, records, papers, and other data sought by the summonses . . . are not already in the

possession of the IRS." (Brown Decl., ¶ 8.)  Petitioner presents no evidence to the contrary.

Therefore, the third *Powell* requirement is satisfied.

> **D.      Required Administrative Steps Followed**

In her Declaration, Revenue Agent Brown states that "[a]s of the date of [her]

declaration, no Department of Justice referral, as defined by 26 U.S.C. § 7602(d)(2), [was] in

effect . . . with respect to [Petitioner] for the years under investigation." (*Id.*, ¶ 10.)  Revenue

Agent Brown further states that on May 22, 2009 she served copies of the summons on RJF, and

provided notice of the same to Petitioner.  According to Revenue Agent Brown, "[a]ll

administrative steps required by the Internal Revenue Code for the issuance of the summons[]

[on RJF] have been taken." (*Id.*, ¶ 11.)  Again, Petitioner presents no evidence showing the

appropriate steps were not followed by the IRS.  Accordingly, the court finds that the fourth

*Powell* factor has been met.  Therefore, the United States has satisfied its minimal burden to

show good faith in issuing the IRS summons to RJF.

---

[3] 26 U.S.C. § 7605(b) states: No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

Once the United States has made a *prima facie* showing, the burden then shifts to the taxpayers to "establish any defenses or to prove that enforcement would constitute an abuse of the court's process." *United States v. Genser,* 582 F.2d 292, 302 (3d Cir. 1978).

### E.   Petitioner's Burden

The burden on the petitioner in this case is a heavy one. *Garden State Nat'l Bank,* 607 F.2d at 68. Petitioner must "prove a lack of good faith, that the government has abandoned in the institutional sense its pursuit of possible civil penalties." *United States v. Moll,* 602 F.2d 134, 138 (7th Cir. 1979). The taxpayer must do more than just produce evidence that would call into question the Government's *prima facie* case. The burden of proof in these contested areas rests squarely on the taxpayer. As the Third Circuit observed, "*LaSalle* may not have closed the door in the taxpayer's face, but neither did it leave much more than a very slight opening." *Garden State Nat'l Bank*, 607 F.2d at 70; *Balanced Financial Mgmt., Inc.,* 769 F.2d at 1444; *Kis,* 658 F.2d at 538–39. In particular,

> [i]n responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice. Allegations supporting a "bad faith" defense are . . . insufficient if conclusory. [I]f at this stage the taxpayer cannot refute the government's *prima facie* [good faith] showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.

*Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1444 (quotations and citations omitted).

Petitioner's arguments seeking to quash the summonses on the basis of the Fourth and Fifth Amendments and allegations of "improper purpose and bad faith" are wholly conclusory and therefore, insufficient to refute the government's *prima facie* showing of the summonses'

validity.  (*See* Pet. at 1, 16.)  Petitioner's arguments challenging the enforcement of the summonses are not relevant to this action, as the Respondents has not sought enforcement and there is no indication that NSB and RJF have refused to comply with the summonses.  (*See id*. at 12–13.)  Finally, Petitioner contends that he was improperly given notice because he did not receive the "certificate of notice" referred to in 26 U.S.C. § 7603.  (*Id.* at 6.)  However, that statute does not require such service on Petitioner; its use, rather, is merely as evidence of service should an enforcement action be instituted.  The statute states, in pertinent part: "the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons."  26 U.S.C. § 7603(a).  Indeed, the record contains ample evidence, including postal receipts returned signed by Petitioner's wife Susan C. Personett, showing that Petitioner was provided notice of both summonses.  (Mem., Ex. A at 6–7; Ex. B at 6–7; Brown Decl., ¶ 7.)

Petitioner has failed to attach an affidavit factually opposing the Respondent's allegations.  Instead, he relies on a Petition rife with legal conclusions and conclusory allegations, but lacking in specific factual content. Indeed, Petitioner rehashes oft-repeated tax protestor arguments that previous courts have steadfastly refused to accept.  *See Crain v. Commissioner*, 737 F.2d 1417 (5th Cir. 1985).

Furthermore, Petitioner's arguments challenging the IRS and Revenue Agent Brown's authority to issue the RJF summons are unpersuasive in light of the "expansive information-gathering authority" granted the IRS pursuant to I.R.C. § 7602 to encourage effective tax investigations.  *Arthur Young & Co.*, 465 U.S. at 816.  The Petition presents a number of

13

intriguing, but unpersuasive, reasons why this court should quash the summons and enjoin the

IRS from further investigation.  The court finds that Petitioner has presented no facts or authority

to undermine Respondent's *prima facie* showing of good faith in issuing the RJF summons, or to

prove that its enforcement would constitute an abuse of the court's process.  *See Genser,* 582

F.2d at 302; *Moll*, 602 F.2d at 138.

       **WHEREFORE**, for the foregoing reasons, the court respectfully

       **RECOMMENDS** that the "United States' Motion to Dismiss Pursuant to Rule 12(b)(1),

(5) and (6), or Alternatively, for Summary Denial" (Doc. No. 3) be **GRANTED** as follows:

    1)      Respondents IRS and Revenue Agent Brown be **DISMISSED**, and that the
            United States be **SUBSTITUTED** in their place as the sole respondent; and

    2)      The Petition (Doc. No. 1) be **DENIED** insofar as it seeks to quash the IRS
            summons served on NSB, for lack of subject matter jurisdiction;

    3)      The Petition (Doc. No. 1) be **DENIED** insofar as it seeks to quash the IRS
            summons served on RJF for insufficient service of process on the United States;

    4)      The Petition (Doc. No. 1) be **SUMMARILY DENIED** as to the summonses
            served on NSB and RJF, pursuant to the standards set forth in *United States v.*
            *Powell*, 379 U.S. 48 (1964); and

    5)      This case be **DISMISSED** with prejudice in its entirety.

## ADVISEMENT TO THE PARTIES

       Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  *United States v. One Parcel of Real Property Known As*

*2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d

at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be

both timely and specific to preserve an issue for *de novo* review by the District Court or for

appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

*Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the

Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file

objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see,*

*Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

      Dated this 3rd day of September, 2009.

                                    **BY THE COURT:**

                                    _____

                                    Kathleen M. Tafoya
                                    United States Magistrate Judge